UNITED STATES DISTRICT COURT
EASTERN DISTRICT OF MICHIGAN
SOUTHERN DIVISION

RENEE FINNERTY,

                Plaintiff,

                              CIVIL CASE NO. 04-40247

v.

WIRELESS RETAIL, INC.,                  HONORABLE PAUL V. GADOLA
                                                       U.S. DISTRICT COURT
                           Defendant.
_____/

## **ORDER GRANTING PLAINTIFF'S MOTION FOR A PRELIMINARY INJUNCTION**

This matter has come before the Court on Plaintiff's Motion for Temporary Restraining Order and Preliminary Injunction Restraining Defendant from Liquidating Assets, filed on February 10, 2006 and made with notice to Defendant. On February 14, 2006, the Court granted Plaintiff's motion for a temporary restraining order ("TRO") preventing Defendant from liquidating and disposing if its assets without first reserving sufficient funds to meet its obligations in this matter in the event of a verdict favorable to Plaintiff. Defendant was also ordered to respond to Plaintiff's motion for a preliminary injunction by February 20, 2006. Defendant has not filed the response ordered by the Court. Also on February 14, 2006, the Court granted Defendant's counsel leave to withdraw on his assertion that Defendant has ceased to exist as an ongoing entity and that, prior to its dissolution, Defendant represented that it has no intention of defending or otherwise retaining representation with respect to any further proceedings in this action.

The Court, having reviewed Plaintiff's motion, accompanying brief, and exhibits, determines that, for reasons stated in the motion and its accompanying brief, Plaintiff has establish those factors necessary for the granting of a preliminary injunction. *See Memphis Planned Parenthood, Inc. v.*

*Sundquist*, 175 F.3d 456, 460 (6th Cir. 1999); *DeLorean Motor Co. v. DeLorean*, 755 F.2d 1223, 1228 (6th Cir. 1985). The Court will therefore grant the relief requested.

Accordingly, **IT IS HEREBY ORDERED** Plaintiff's motion for a preliminary injunction [docket entry 48] is **GRANTED** and Defendant is restrained and enjoined from liquidating assets, including but not limited to accepting payment for the sale of its business, inventory, equipment, real property, leasehold interests, good will, customer lists or goods, without reserving sufficient funds to meet its obligations in this matter in the event of a verdict favorable to Plaintiff, including Plaintiff's damages, double the amount of Plaintiff's damages (as provided under the Family and Medical Leave Act), attorneys' fees and costs. *See USACO Coal Co. v. Carbomin Energy, Inc.*, 689 F.2d 94 (6th Cir. 1982); *Reebok Int'l v. Marnatech Enters.*, 970 F.2d 552 (9th Cir. 1992). *See also* M.C.L. §§ 600.3605, 600.3635, and 450.1855a; Tex. Rev. Civ. Stat. Ann. § 1302-6.04.

**IT IS FURTHER ORDERED** that this order shall become effective upon the posting of a $10,000.00 bond by Plaintiff, or the continuance of the bond required by this Court's February 14, 2006 TRO.

**SO ORDERED.**

Dated:   March 6, 2006                              s/Paul V. Gadola
                                                    HONORABLE PAUL V. GADOLA
                                                    UNITED STATES DISTRICT JUDGE

Certificate of Service

I hereby certify that on   March 6, 2006   , I electronically filed the foregoing paper with the Clerk of the Court using the ECF system which will send notification of such filing to the following:
                              Darcie R. Brault                    , and I hereby certify that I have mailed by United States Postal Service the paper to the following non-ECF participants:                                                                 .

                                                    s/Ruth A. Brissaud
                                                    Ruth A. Brissaud, Case Manager
                                                    (810) 341-7845