UNITED STATES DISTRICT COURT
EASTERN DISTRICT OF MICHIGAN
SOUTHERN DIVISION


RENEE FINNERTY,

                                Plaintiff,          CIVIL CASE NO. 04-40247

v.


WIRELESS RETAIL, INC., RADIOSHACK        HONORABLE PAUL V. GADOLA
CORP., KIOSK OPERATIONS, INC., and SC     U.S. DISTRICT JUDGE
KIOSKS, INC.,

                          Defendants.
              _____/


## ORDER

       This action comes before the Court on Plaintiff Renee Finnerty's motion for default judgment against Defendant Wireless Retail, Inc. ("WRI"). Plaintiff seeks default judgment against WRI for failure to answer or otherwise defend. For the reasons stated below, Plaintiff's motion will be denied without prejudice.

### I.  Introduction

       Plaintiff's case arises from her employment with, and termination from, Wireless Retail, Inc. Defendant was terminated on October 25, 2002, allegedly in violation of the Family Medical Leave Act ("FMLA"), 29 U.S.C. § 2601, *et seq*., and Michigan's Elliott-Larsen Civil Rights Act ("ELCRA"), M.C.L § 37.2101, *et seq.* Plaintiff filed suit, against WRI only, in the Wayne County Circuit Court, Third Judicial District of Michigan, on July 21, 2004. On August 26, 2004, Defendant WRI removed the cause of action to this Court on the grounds of diversity jurisdiction.

In October of 2004, Defendant WRI allegedly sold certain assets to the other Defendants now named in this suit. At the time of the sale, it is undisputed that, besides WRI, no other defendants were a party to this suit. The parties dispute the nature of the sale, the particular Defendants involved in the sale, and the effect that sale has on this pending lawsuit.

After more than eighteen months defending the cause of action, and following the Court's January 30, 2006 oral argument on Defendant WRI's motion for summary judgment, the Court denied WRI's motion. *See* Order Denying Defendant's Motion for Summary Judgment (Jan. 30,2006) [docket entry #46]. Following this hearing, Plaintiff asserts that Defendant WRI informed Plaintiff's counsel that WRI would no longer defend this cause of action.

Allegedly based on newly discovered information about the October 2004 sale, Plaintiff then sought to amend her complaint to add Defendants Radioshack Corp., Kiosk Operations, Inc., and SC Kiosks, Inc. Plaintiff alleged that these newly named defendants were WRI's successors in interest and should be held liable for the claims against WRI. On March 24, 2006, the Court granted Plaintiff's motion to amend the complaint, finding that Federal Rule of Civil Procedure 15 (instructing that "leave shall be freely given when justice so requires") and 29 U.S.C. § 2611 (4)(A)(ii)(II) (providing liability for "any successor in interest of an employer"), warranted allowing an amended complaint. *See* Order Granting Plaintiff's Motion for Leave to Amend Complaint (Mar. 24, 2006) [docket entry #57]. Plaintiff filed the amended complaint on April 11, 2006, adding Radioshack Corp., Kiosk Operations, Inc., and SC Kiosks, Inc., as defendants, alleging they are successors in interest for the purposes of the FMLA.

The newly added defendants filed an answer to the complaint on May 22, 2006. On May 30,

2

2006, Plaintiff filed the motion for default judgment against Defendant WRI only,  for failure to

defend against the cause of action.  WRI's last filing was on February 10, 2006 when its counsel

moved to be allowed to withdraw

## II.  Default Judgment

 "When an application is made to the court under Rule 55(b)(2) for the entry of a judgment

by default, the district judge is required to exercise sound judicial <u>discretion</u> in determining whether

the judgment should be entered."  Wright, Miller & Kane, Federal Practice and Procedure § 2685

(1998) (emphasis added) (footnotes omitted).  "This element of discretion makes it clear that the

party making the request is not entitled to a default judgment as of right." *Id.*  "In determining

whether to enter a default judgment, the court is free to consider a number of factors that may appear

from the record before it."  *Id.* at § 2685

In the instant case, the record does not support the entry of a default judgment against

Defendant WRI at this time, for at least two reasons.  First, if, as Plaintiff alleges, the other

defendants are successors to WRI and the other defendants are to 'stand in the shoes' of WRI, those

defendants have filed an answer and have attempted to defend this cause of action.  A default

judgment against WRI, as Plaintiff seeks, would then essentially be a default judgment against the

vigorously defending defendants as well.  Second, were this court to grant a default judgment against

WRI, the necessary inquiry would then shift to whether the other defendants are WRI's successors

in interest, as Plaintiff now alleges, and as the parties are not contesting.  Such a result would not

further the necessary adjudication of the case.  In effect, granting a default judgment against WRI

at this juncture would only complicate matters and would not substantially advancing the resolution

of the case.

Accordingly, after fully considering the facts in the instant case, a default judgment in favor of Defendant WRI is not appropriate at this time.  Plaintiff's motion for default judgment will be denied.

### III.  Summary Judgment

The Court must also address the motion for summary judgment, filed by the non-WRI defendants on September 14, 2006.  Defendants assert that, under the FMLA, Defendants cannot be considered successors in interest.  *See* 29 U.S.C. § 2611(4)(A)(ii)(II); 29 C.F.R. § 825.107; *Cobb v. Contract Transport, Inc.*, 452 F.3d 543, 550-54 (6th Cir. 2006).  Plaintiff filed a response on October 12, 2006.  Plaintiff acknowledged that Defendants' motion for summary judgment was premature because virtually no discovery had been allowed as to the new defendants.  *See* Pl. Resp. to Mot. Summ. Judg., p. 7 (Defendants "resisted producing further documents related to the sale and other discovery requested by Finnerty. . . .); *Id*. at p. 8, n.6 ("This motion is premature under Fed. R. Civ. P. 56 given that no discovery has been allowed relative to the applicable legal standards. . . ."). Federal Rule of Civil Procedure 56 provides that summary judgment "shall be rendered forthwith if the pleadings, depositions, answers to interrogatories, and admissions on file, together with the affidavits, if any, show that there is no genuine issue as to any material fact and that the moving party is entitled to judgment as a matter of law." Fed. R. Civ. P. 56(c).  The very purpose of discovery is to  flesh out facts that are necessary to support or refute a party's claim.  Therefore, it would be improper to expect a party to be able to withstand the test of proofs required of a motion for summary judgment, without the benefit of discovery.  Furthermore,  "[T]he plain language of

4

Rule 56(c) mandates the entry of summary judgment, *after adequate time for discovery* and upon

motion, against a party who fails to make a showing sufficient to establish the existence of an

element essential to that party's case, and on which that party will bear the burden of proof at trial."

*Celotex Corp. v. Catrett*, 477 U .S. 317, 322 (1986) (emphasis added). For these reasons, "[t]his

Court has a general policy that motions for summary judgment will not be considered until *after the*

*close of discovery*."  *Ramik v. Darling Int'l, Inc*., 161 F. Supp. 2d 772, 776 n.1 (E.D. Mich. 2001)

(Gadola, J.) (emphasis added) (citing *McLaren Performance Techs., Inc. v. Dana Corp*., 126 F.

Supp. 2d 468, 470 (E.D. Mich. 2000) (Gadola, J.); *Helwig v. Kelsey-Hayes Co.*, 907 F. Supp. 253,

255 (E.D. Mich. 1995) (Gadola, J.)).

        In this case, because the parties that are now litigating the instant matters have not completed

discovery,  summary judgment is not appropriate at this time.  Defendants' motion for summary

judgment will be denied as premature.

        **IV.  Conclusion**

        **ACCORDINGLY, IT IS HEREBY ORDERED** that Plaintiff's motion for default

judgment [docket entry #67] is **DENIED WITHOUT PREJUDICE**.

        **IT IS FURTHER ORDERED** that Defendants' motion for summary judgment [docket

entry #72]  is **DENIED AS PREMATURE**.

        **SO ORDERED.**

Dated:   March 30, 2007                          s/Paul V. Gadola
                                                 HONORABLE PAUL V. GADOLA
                                                 UNITED STATES DISTRICT JUDGE

5

Certificate of Service

I hereby certify that on ___April 3, 2007___, I electronically filed the foregoing paper with the Clerk of the Court using the ECF system which will send notification of such filing to the following: _____Darcie R. Brault; Robert B. Brown_____, and I hereby certify that I have mailed by United States Postal Service the paper to the following non-ECF participants: _____.

s/Ruth A. Brissaud_____
Ruth A. Brissaud, Case Manager
(810) 341-7845