UNITED STATES DISTRICT COURT
EASTERN DISTRICT OF MICHIGAN
SOUTHERN DIVISION

RENEE FINNERTY,

                Plaintiff,        CIVIL CASE NO. 04-40247

v.

WIRELESS RETAIL, INC., RADIOSHACK        HONORABLE PAUL V. GADOLA
CORP., KIOSK OPERATIONS, INC., and SC        U.S. DISTRICT JUDGE
KIOSKS, INC.

                Defendants.
_____/

## **ORDER DENYING APPEAL OF MAGISTRATE JUDGE'S ORDER**

Now before the Court is Plaintiff Renee Finnerty's appeal of Magistrate Judge Virginia Morgan's October 18, 2007 "Order Granting Defendant's Motion to Compel Plaintiff's Deposition." In the order, Magistrate Judge Morgan ruled that Defendant Radio Shack Corporation could take the deposition of Plaintiff Renee Finnerty for up to seven hours without restriction. Plaintiff filed an objection to that order on October 29, 2007.

Non-dispositive orders issued by a magistrate judge are governed by the terms of 28 U.S.C. § 636(b)(1)(A). This section states: "A judge of the court may reconsider any pretrial matter under this subparagraph (A) where it has been shown that the magistrate judge's order is clearly erroneous or contrary to law." 28 U.S.C. § 636(b) (1)(A). Rule 72(a) of the Federal Rules of Civil Procedure further provides:

> A magistrate judge to whom a pretrial matter not dispositive of a claim or defense of a party is referred to hear and determine shall promptly conduct such proceedings as are required and when appropriate enter into the record a written order setting forth the disposition of the matter. Within 10 days after being served with a copy of

the magistrate judge's order, a party may serve and file objections to the order; a party may not thereafter assign as error a defect in the magistrate judge's order to which objection was not timely made. The district judge to whom the case is assigned shall consider such objections and shall modify or set aside any portion of the magistrate judge's order found to be clearly erroneous or contrary to law.

Fed. R. Civ. P. 72(a).

According to the Supreme Court and the United States Court of Appeals for the Sixth Circuit, "[a] finding is 'clearly erroneous' when although there is evidence to support it, the reviewing court on the entire evidence is left with the definite and firm conviction that a mistake has been committed." *United States v. Mandycz*, 200 F.R.D. 353, 356 (E.D. Mich. 2001) (Gadola, J.) (quoting *United States v. U.S. Gypsum Co.*, 333 U.S. 364, 398 (1948); *Hagaman v. Comm'r of Internal Revenue*, 958 F.2d 684, 690 (6th Cir. 1992)).

In the present case, Plaintiff has already been deposed, several years ago. However, at that time, Defendant Radio Shack was not a party to this suit. Radio Shack only became a party to this suit after being added in Plaintiff's amended complaint. Therefore, Defendant Radio Shack is now defending this suit but has never had the opportunity to depose Plaintiff. As a result, it was not unreasonable, and certainly not clearly erroneous or contrary to law, for Magistrate Judge Morgan to grant Defendant Radio Shack's motion to compel Plaintiff's deposition. Plaintiff has failed to provide any relevant facts or law to leave this Court with a "definite and firm conviction that a mistake has been committed." *Mandycz*, 200 F.R.D. at 256.

**ACCORDINGLY, IT IS HEREBY ORDERED** that Plaintiff's objection [docket entry #97] to Magistrate Judge Virginia Morgan's October 18, 2007 "Order Granting Defendant's Motion to Compel Plaintiff's Deposition," is **OVERRULED**.

**SO ORDERED.**

Dated:  November 19, 2007                    s/Paul V. Gadola
                                             HONORABLE PAUL V. GADOLA
                                             UNITED STATES DISTRICT JUDGE

---

Certificate of Service

I hereby certify that on   November 19, 2007  , I electronically filed the foregoing paper with the Clerk of the Court using the ECF system which will send notification of such filing to the following:          Darcie R. Brault; Robert B. Brown                              , and I hereby certify that I have mailed by United States Postal Service the paper to the following non-ECF participants:                                                          .

                                             s/Ruth A. Brissaud
                                             Ruth A. Brissaud, Case Manager
                                             (810) 341-7845